United States District Court
District of Massachusetts

```
_____
                            )
Sara Makowiec,              )
                            )
         Plaintiff,         )
                            )
         v.                 )    Civil Action No.
                            )    15-11859-NMG
U.S. Department of Defense, et )
al.,                        )
                            )
         Defendants.        )
_____     )
```

MEMORANDUM & ORDER

GORTON, J.

This action is brought by Sara Makowiec ("Makowiec" or "plaintiff") against the United States Department of Defense ("the Department of Defense") and three divisions of that Department (collectively "defendants"). Makowiec alleges that defendants wrongfully required her to repay tuition assistance she received from them to attend graduate school.

Pending before the Court is defendants' motion to dismiss the complaint. For the reasons that follow, the motion will be denied, and this action will be transferred to the United States Court of Federal Claims.

I.   **Background and procedural history**

     A.   **The parties**

     Plaintiff Makowiec is a resident of Massachusetts. She was an intern and later became a full-time employee at the United

-1-

States Army Research Development and Engineering Command ("ARDEC").  While employed, Makowiec attended graduate school courses at Rensselaer Polytechnic Institute ("RPI") for which she received tuition assistance from ARDEC.

The Department of Defense is the government agency by which Makowiec was employed.  ARDEC is the particular division within the Department of Defense to which Makowiec was assigned and it approved and paid for Makowiec's graduate courses.  Defendant Benet Laboratories ("Benet Labs") is the subdivision of ARDEC where Makowiec physically worked.  Its principal place of business is in Watervilet, New York.

Defendant Defense Finance and Accounting Services ("DFAS") is the division of the Department of Defense which seeks reimbursement of the tuition payments ARDEC made to RPI for Makowiec's graduate courses.

### B.   The alleged conduct

The Court accepts as true the following allegations made by Makowiec for the purpose of resolving the motion to dismiss.

In January, 2010, Makowiec started working for defendant ARDEC as an intern in its Engineers and Scientists Career Program.  In January, 2012, before becoming a full-time employee, Makowiec signed an Employment and Training Agreement ("the Agreement") which provided that

> [i]f the intern accepts funding assistance for
> educational expenses, a service obligation is created.

It also required Makowiec to remain with her employer for a
period of time required by regulations.  Plaintiff asserts that,
aside from that Agreement, she received no documents explaining
the terms of the service obligation or the regulations
referenced in the January, 2012 Agreement.  In February, 2012,
Makowiec became a full-time employee of defendant ARDEC.

From January 23, 2012 through August 9, 2013, Makowiec
received tuition assistance from ARDEC to pay for various
graduate courses at RPI.

In September, 2013, Makowiec resigned from her position.
Six months later, in March, 2014, Makowiec received notice from
defendant DFAS that she owed the government $41,432.70, the
total amount of tuition assistance that defendants provided to
Makowiec.  She made her first monthly payment of $1,168.74 to
defendant DFAS on April 11, 2014.

In June, 2014, Makowiec sent defendant DFAS a letter
protesting the debt and requesting a hearing.  DFAS did not
respond to that request.  Makowiec now claims she has repaid
approximately $30,000 of her tuition assistance to defendants.

In May, 2015, Makowiec initiated this action by filing a
complaint against defendants that sought a declaratory judgment
that defendants were not entitled to reimbursement of the

alleged tuition debt.  She alleges her claim is based on an express contract and a statute, 5 U.S.C. § 4108.  In December, 2015, defendants filed the instant motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II.  __Defendants' motion to dismiss for lack of subject matter jurisdiction__

### A.  __Legal standard__

Federal courts are courts of limited jurisdiction and can only exercise jurisdiction when authorized by the Constitution or a statute. See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  When bringing an action in federal court, "the party invoking the jurisdiction . . . carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

To rule on a Fed. R. Civ. P. 12(b)(1) motion, the court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010); see also Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996) (noting that when a district court is considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1) it must construe the complaint liberally).  The court may also consider additional evidence, such as exhibits, that have been submitted by the parties. Merlonghi, 620 F.3d at 54.

If a district court finds that it lacks subject matter jurisdiction, it shall transfer the civil action to the appropriate district "if it is in the interest of justice." 28 U.S.C. § 1631.

### B.   Application

The Tucker Act confers jurisdiction to the United States Court of Federal Claims with respect to

> any claim against the United States founded . . . upon . . . any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Tucker Act also waives the government's immunity to suit. United States v. Mitchell, 463 U.S. 206, 212 (1983).

To invoke Tucker Act jurisdiction, a plaintiff's "claim must be one for money damages against the United States." Id. at 216.  For claims exceeding $10,000, as in this case, jurisdiction lies exclusively with the United States Court of Federal Claims. 28 U.S.C. § 1491; E. Enters. v. Apfel, 524 U.S. 498, 520 (1998).

Initially, Makowiec alleges subject matter jurisdiction for her claim under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.  However, as defendants contend, and Makowiec later concedes, the DJA does not confer jurisdiction because it "neither provides nor denies a jurisdictional basis for actions

under federal law." Progressive Consumers Fed. Credit Union v. United States, 79 F.3d 1228, 1230 (1st Cir. 1996) (quoting McCarthy v. Marshall, 723 F.2d 1034, 1037 (1st Cir. 1983)). Rather, the DJA is purely procedural because it only defines the scope of available declaratory relief. Id.  Therefore, in order for plaintiff's action to survive, jurisdiction must come from another source.

Makowiec then asserts that her claim falls under the Tucker Act because it 1) is a claim against the United States, 2) is founded upon an express contract and federal statute and 3) seeks money damages in excess of $10,000.  Defendants do not appear to challenge the first two requirements but dispute that Makowiec's claim is for money damages.

Defendants contend that Makowiec's claim is for "purely equitable relief" and cannot be brought under the Tucker Act. They contend that cancellation of tuition assistance debt does not qualify as a claim for money damages and cite Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec., 490 F.3d 940 (Fed. Cir. 2007) and Johnson v. United States, 105 Fed. Cl. 85 (2012) in support.

The Court notes that defendants' reliance on those cases is misplaced because, in both cases, plaintiffs were not seeking a monetary return from the government.  In Gonzales & Gonzales, plaintiff sought to have his alleged bond obligations cancelled

-6-

but he had not paid anything toward the obligation and therefore was not seeking a monetary return. 490 F.3d at 945.  In Johnson, plaintiff sought cancellation by the government of a portion of his student loan debt that he claimed the government had illegally increased. 105 Fed. Cl. at 95.  Plaintiff did not, however, suggest that he "sustained any injury that would require the government to pay him damages." Id.  The plaintiffs in those cases thus sought only to invalidate their respective debts which is unlike this case in which plaintiff also seeks a monetary return.

In response, Makowiec clarifies in her opposition that she is seeking reimbursement of tuition payments that she alleges were wrongfully collected from her by defendants.  Despite the wording in her complaint, Makowiec asserts that she is not only seeking a declaration by the Court that the debt is invalid but also reimbursement of the substantial amount of money that she has already repaid to defendants.

When determining whether a claim under the Tucker Act is for money damages or equitable relief, courts will "look to the substance of the pleading[ ]rather than [its] form." See Brazos Elec. Power Co-op., Inc. v. United States, 144 F.3d 784, 786-87 (Fed. Cir. 1998) (finding that even though plaintiff characterized his claim as one for declaratory and injunctive

relief, the substance of his complaint was for reimbursement of money damages).

A plaintiff asserts a claim for money damages under the Tucker Act when she "seek[s] a refund of money that [she] claims was wrongfully paid to the federal government." Id. at 787; Aerolinas Argentinas v. United States, 77 F.3d 1564, 1572-73 (Fed. Cir. 1996).  Courts distinguish this kind of claim from debt cancellation which seeks relief from a debt obligation that plaintiff has not yet begun to repay. See Gonzales & Gonzales, 490 F.3d at 945; see also Johnson, 105 Fed. Cl. at 95-96 (2012) (noting the court did not have Tucker Act jurisdiction over plaintiff's claim until he started paying off part of the alleged improper debt).  A claim in which plaintiff seeks cancellation of a debt before any repayment is therefore not one for money damages and does not fall under the Tucker Act. Gonzales & Gonzales, 490 F.3d at 945.

Notwithstanding the fact that plaintiff seeks a declaratory judgment, this Court finds that Makowiec's claim is primarily one for money damages.  Makowiec demands the return of approximately $30,000 that she alleges she wrongfully paid to the government.  Her claim is not one solely for debt cancellation because she seeks more than just a judgment that her remaining debt, roughly $11,000, be declared invalid. Rather, she is seeking a determination that she does not owe any

of the $41,432.70 and ultimately is entitled to a substantial refund.

Because Makowiec's claim is for money damages against the United States and that amount exceeds $10,000, the United States Court of Federal Claims has exclusive jurisdiction over her claim. See, e.g., Crawford v. U.S. Marine Corps., No. 12-11477, 2013 WL 2096174, at *3 (D. Mass. May 13, 2013) (concluding that transfer to the Court of Federal Claims is the appropriate cure for Tucker Act jurisdiction issues); Tortorella v. United States, 486 F. Supp. 2d 159, 164 (D. Mass. 2007) (same).

Accordingly, the instant action will be transferred to the Court of Federal Claims rather than dismissed so that it can be decided on the merits.

## ORDER

For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction (Docket No. 16) is **DENIED**.  The complaint survives dismissal but the action is hereby transferred to the United States Court of Federal Claims for further adjudication.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 21, 2016